UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

William Washington, # 257151,  ) C/A No. 9:10-1710-JFA-BM
)
                Plaintiff,  )
)
vs.  )
) Report and Recommendation
)
McCormick Corr. Inst.;  )
Collie L. Rushton, Warden;  )
C.E. Pratt, Lt/Capt., and  )
A. Wright, Sgt.,  )
                Defendants.  )
)

       This is a civil action filed *pro se* by a state prison inmate. Plaintiff seeks to recover compensatory damages for wrist lacerations and continuing problems therefrom allegedly resulting from an incident that occurred on August 23, 2006 at the McCormick Correctional Institution while Plaintiff was attempting to remove a piece of trash from a razor-wire fence. He asks for "seven million dollars ($ 7,000,000.00) for this injury and for pain and suffering because the Plaintiff hand still has not healed properly." (Entry 1). In support of his request for damages, Plaintiff essentially re-argues the basic factual allegations that he made in a previous case filed in this Court against the same four Defendants in 2007: *Williamson v. McCormick Corr. Inst.*, Civil Action No. 0:07-26-BM-GRA. That case resulted in a summary judgment for Defendants and dismissal of the federal claim under 42 U.S.C. § 1983 "with prejudice." To the extent that state-law based causes of action were pled, the case was dismissed "without prejudice" so that Plaintiff could pursue them in state court



1

without application of the doctrine of *res judicata*,[1] should he so desire. Civil Action No. 07-26 (Entries 40, 42).

In addition to his previous allegations about the way the incident took place and the way the state- employee Defendants responded to the incident, Plaintiff includes some new factual information showing that he unsuccessfully attempted to pursue a state-court remedy for his wrist injuries after this Court dismissed his federal claim. Though it is not completely clear, it appears from Plaintiff's allegations and the attachments to his Complaint that his state court action was dismissed on Defendants' motion for improper service and, perhaps, running of the statute of limitations. It is not clear whether or not the state court ever considered the merits of Plaintiff's claims against Defendants. Plaintiff attempted to appeal that dismissal, but the South Carolina Court of Appeals rejected his appeal because he did not pay the filing fee. His motion for leave to proceed *in forma pauperis* in that appeal was denied.

Plaintiff now claims that Defendants committed perjury and/or mail fraud by submitting an "employee injury screening form" that he did not sign and that did not properly describe the circumstances surrounding his injury. (Ex. B in Defendant's motion for summary judgment in Civil Action No. 0:07-26-BM-GRA). It is judicially noticed that Plaintiff specifically included a claim about the inadequacy of the same report in his brief for his unsuccessful appeal to the Fourth Circuit Court of Appeals: *Washington v. McCormick Corr. Inst.*, 281 F. Appx. 235 (4th Cir. 2008)(docket # 07-7697). *See St. Louis Baptist Temple, Inc. v. FDIC.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those

---

[1] *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C. Cir.1983).



2

proceedings have a direct relation to matters at issue); *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975)(same); *Rhodes v. Houston*, 309 F.2d 959 (8th Cir. 1963)(same).

## Discussion

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

First, to the extent Plaintiff's Complaint raises state-based claims and seeks a different result in this Court by claiming that the state courts' rulings were incorrect, Plaintiff's



3

Complaint is subject to summary dismissal under the *Rooker-Feldman* Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.);[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under this Doctrine, the proceedings and rulings made in Case no. 2008-CP-35-166 in the McCormick County Court of Common Pleas and those made in by the South Carolina Court of Appeals cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because *Rooker/Feldman* is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). In this case, Plaintiff alleges that he was injured by the state courts'

---

[2] Appeals of orders issued by lower state courts must go to a higher state court. Thereafter, the Congress for more than two hundred years has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997) . In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

4

dismissal of his tort claim action because he was prevented from pursuing his personal injury, state-law based claims against Defendants. Thus, he is claiming to be injured by the state courts' decisions, which makes *Rooker/Feldman* applicable to his claims. *See Willner v. Frey*, No. 06-1432, 2007 WL 222778 (4th Cir. August 3, 2007); *see also Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). To rule in favor of Plaintiff on his state-law based claims or his claims of wrongdoing by the state courts would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the McCormick County Common Pleas Court and/or the South Carolina Court of Appeals. Such a result is prohibited under *Rooker/Feldman*. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

Furthermore, to the extent that Plaintiff re-alleges the facts surrounding his wrist injury and about the Defendants' submissions in support of the summary judgment previously issued in Civil Action No. 0:07-26-BM-GRA in an attempt to recover damages under a "failure to protect" eighth-amendment claim pursuant to 42 U.S.C. § 1983, the relief he seeks: a different result in a case that was fully litigated, considered, and decided on the merits – is barred by the doctrine of *res judicata*. It is clear that Plaintiff is, in fact, attempting to use this case to re-litigate Civil Action No. 0:07-26-BM-GRA. He may not do so under established principles of law. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992); *Hogue v. Royce City*, 939 F.2d 1249, 1253 (5th Cir. 1991); *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1048-49 (5th Cir. 1987). In *Polsby v.*

*Thompson*, 201 F.Supp.2d 45 (D. D.C. 2002), the district court explained the criteria for *res judicata*:

> *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946-47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.1981).

Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea,* 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl,* 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund,* 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.,* 765 F.2d at 205-06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac,* 94 U.S. 351, 352 (1877). More generally, a judgment is considered on the merits when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir.1981);



6

18 Moore's Federal Practice § 131 .30[3][a] (3d ed.2000). In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r,* 222 F.2d 622, 625 (4th Cir.1955)).

It is clear that the summary judgment in Civil Action No. 0:07-26-BM-GRA is an appropriate judgment to have a *res judicata* effect on this case. For example, the same parties were involved in Civil Action No. 0:07-26-BM-GRA as are involved in this case. Also, the summary judgment was entered "on the merits" of Plaintiff's § 1983 claim arising from the incident that resulted in his wrist injury. After receiving relevant evidence and argument presented on the issue, this Court ruled that Plaintiff could not prove that Defendants were deliberately indifferent to his safety, although it was possible that he might be able to prove that one or more of them was negligent. Moreover, the now-questioned incident-report form was considered and Plaintiff had a full opportunity to contest its validity in the prior case and the appeal therefrom. The § 1983 claim was dismissed "with prejudice," which also supports a finding that the ruling was "on the merits." *See Black's Law Dictionary* (8th ed. 2004)("with prejudice . . . [w]ith loss of all rights; in a way that *finally disposes* for a party's claim and *bars any future action* on that claim . . . .")(emphasis added); *see also Shoup v. Bell & Howell,* 872 F.2d 1178, 1182 (4th Cir. 1989)("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'"). Accordingly, Plaintiff is barred from claiming any entitlement to damages or other relief from the Defendants under the facts presented by this case.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *with*



7

*prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

July 27, 2010

Charleston, South Carolina

8

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

