IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Washington, | ) C/A No. 9:10-1710-JFA-BM |
| Plaintiff, | ) |
| v. | ) ORDER |
| McCormick Correctional Institution; Collie L. Rushton, Warden; C.E. Pratt, Lt./Capt.; and A. Wright, Sgt. | ) |
| Defendants. | ) |

The *pro se* plaintiff, William Washington, is an inmate at the South Carolina Department of Corrections. He initiated this action pursuant to 42 U.S.C. § 1983 seeking to recover compensatory damages for wrist lacerations and residual problems relating to an incident that occurred while he was housed at the McCormick Correctional Institution.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the plaintiff's claims. The Magistrate Judge opines that under the *Rooker-Feldman* Doctrine, this court lacks jurisdiction to consider the claims or to award the requested relief. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so.

The Magistrate Judge opines that plaintiff's complaint essentially reargues the basic factual allegations that the plaintiff made in a previous case filed in this court in 2007 against the same four defendants: *Williamson v. McCormick Corr. Inst.*, C/A No. 0:07-26-GRA-BM. That case resulted in summary judgment for the defendants and dismissal of the federal § 1983 claim with prejudice. Plaintiff's state law claims, however, were dismissed without prejudice so that the plaintiff could pursue them in state court without application of the doctrine of res judicata.

Plaintiff's contends that defendants committed perjury and/or mail fraud by submitting an "employee injury screening form" that he did not sign and that did not properly describe the circumstances surrounding his injury. The Magistrate Judge takes judicial notice that plaintiff included this claim in his unsuccessful appeal to the Fourth Circuit Court of Appeals.

As the Magistrate Judge correctly states, to the extent plaintiff's complaint raises state-based claims and seeks a different result in this court by claiming that the state court's rulings were incorrect, plaintiff's complaint is subject to summary dismissal under the *Rooker-Feldman* Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983); and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). According to the Fourth Circuit, "the Rooker-Feldman doctrine applies...when the loser in state court files suit in federal district court seeking redress for an injury allegedly cause by the state court's

decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). As plaintiff claims he is injured by the state court's decisions and procedures by the defendants in that action, such a review is prohibited by this court. Moreover, the relief plaintiff seeks was fully litigated, considered, and decided on the merits in his 2007 case. Accordingly, it is barred by the doctrine of res judicata.

This court agrees with the Magistrate Judge's conclusion that plaintiff is barred from claiming any entitlement to damages or other relief on this duplicative action.

The court has reviewed the plaintiff's objections to the Report and finds them to be without merit. As such, the objections are overruled.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

November 22, 2010
Columbia, South Carolina